IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH L. JONES                     :

     v.                              :    Civil Action No. DKC 22-1148

                                          :

MONTGOMERY COUNTY PUBLIC
SCHOOLS, et al.                     :

**MEMORANDUM OPINION**

Plaintiff Judith Jones is a former employee of Defendant Montgomery County Public Schools. She has filed a complaint against Defendants, alleging claims of discrimination, intentional infliction of emotional distress, and defamation, among other claims.[1] (ECF No. 9). However, this is the fifth time Plaintiff has filed a lawsuit in this court alleging substantially the same claims against the same parties.[2] *See Jones v. Montgomery Cnty.*

---

[1] Plaintiff was directed to file an amended complaint to correct defects in her original complaint, and she did so. (ECF No. 4).

[2] In addition to Montgomery County Public Schools, Plaintiff has named as defendants in this case Montgomery County Public Schools Board of Education and Dr. Monifa D. McKnight, the Superintendent of Montgomery County Public Schools, apparently in her official capacity. While Plaintiff has not named these parties as defendants in her previous cases, they are in privity with Montgomery County Public Schools for the purposes of *res judicata*. *See Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 494 (4th Cir. 1981) (explaining that privity exists when "the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." (internal quotation marks omitted)); *Adams v. Calvert Cnty. Pub. Sch.*, 201 F.Supp.2d 516, 520 n.3 (D.Md. 2002) (explaining that a county

*Pub. Sch.*, No. 13-cv-2795-GLR (D.Md. filed Sept. 24, 2013); *Jones v. MCPS*, No. 13-cv-2077-PWG (D.Md. filed July 18, 2013); *Jones v. MCPS*, No. 14-cv-4042-PWG (D.Md. filed Dec. 31, 2014); *Jones v. MCPS*, No. 20-cv-3206-GLR (D.Md. Dec. 8, 2020). Indeed, the amended complaint she filed in a previous case, No. 14-cv-4042-PWG, is essentially identical to the amended complaint Plaintiff filed in this case. Judge Paul W. Grimm dismissed that case with prejudice on statute of limitations and *res judicata* grounds, with Plaintiff's claims having been adjudicated to a final judgment in a previous case before Judge George L. Russell, No. 13-cv-2795-GLR. Plaintiff filed a notice of appeal, and the United States Court of Appeals for the Fourth Circuit affirmed Judge Grimm's order. A mandate was issued on May 13, 2016.

In the case at bar, Defendants have filed a motion to dismiss, arguing that the doctrine of *res judicata* again precludes Plaintiff from bringing these same claims. (ECF No. 19). Also pending are Plaintiff's "motion for mediation or award relief," motion for summary judgment, and "motion to submit evidence." (ECF Nos. 16, 23, 26). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because

---

school district and county board of education do not "exist as [] separate entit[ies] for purposes of suit"); *Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F.Supp.3d 645, 660 (D.Md. 2021) (explaining that claims against individual school officials in their official capacities are redundant when the plaintiff has also sued the school district).

Plaintiff's claims have all been litigated to final judgments on the merits in multiple prior suits involving the same parties or their privies, she is precluded under the doctrine of *res judicata* from bringing them again here.  *See Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009); *see also Jones v. Montgomery Cnty. Pub. Sch.*, No. 14-cv-4042-PWG, 2015 WL 6447237 (D.Md. Oct. 21, 2015).  Accordingly, Defendants' motion to dismiss will be granted, and the case will be dismissed with prejudice.  Plaintiff's motions will be denied as moot.  A separate order will follow.

As Plaintiff has been warned previously, the doctrine of *res judicata* bars her "from bringing against Defendants these claims or any other claims relating to her alleged mistreatment while working at Montgomery Schools or her termination." *Jones*, No. 14-cv-4042, 2015 WL 6447237, at *7.  Should she attempt to file another action alleging these same claims in this court, proceedings may be initiated to impose a pre-filing injunction against her.

                                                /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

3